Chief Justice Robertson
delivered the opinion of the Court.
The only question involved in this case is, whether it is the duty of the circuit court, to regard and obey the mandate of the tribunal commonly-denominated “the new court;” when, by parol, the parties had agreed that, whatever opinion it sho.uld express, should be obligatory on them!
Not duty of circuit court to obey mandate of new court, altho’ by parol, parties-bad a-grded, that whatever.opinion it rnijrht express should be ob-Íigíitory.
Triplett, for plaintiff; Monroe, for defendant.,,
This tribunal had no judicial power or authority1, Consent could not give it jurisdiction or constitute ii a court.
If parties litigant, might submit their controversies to its incumbents as arbitrators, their award could only be enforced, as any other arbitrament might be carried into effect.
A submission to them was not made, in this ease, by the order of the circuit court, and consequently, th« court had no right to make their decision its judgment. It had no right to take any notice of their mandate, unless a suit had been brought on the submission; and then, whether -it should have been respected, would have depended on whether the submission had been made to them, as appellate judges, or as ordinary arbitrators.
The court, therefore, did not err in refusing to notice the mandate.
Wherefore, the judgment is affirmed.